**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Thomas L Kehmeier,
Plaintiff,
v.
United States of America,
Defendant.

No. CV-25-04536-PHX-DJH

**ORDER**

At issue is a fully briefed Motion to Dismiss filed by Defendant the United States of America ("Government"). (Docs. 11, 15 & 16). *Pro se* Plaintiff Thomas L. Kehmeier ("Kehmeier") has responded and the United States has replied. But there is also now a pending and fully briefed Motion for Leave to Amend Complaint filed by Kehmeier on the docket. (Docs. 17, 18 & 19). The Court's ruling as to both Motions is below.

## I. Background

Kehmeier is no stranger to a federal court, nor is he a stranger to the exact claim he brings in this lawsuit. Kehmeier has filed a litany of lawsuits in this District Court, all related to protesting the authority of the federal government to tax him or to other tax related matters. *Kehmeier v. United States*, No. 2:10-cv-02684-NVW (D. Ariz. May 10, 2011) (granting motion to dismiss Kehmeier's claim for a refund and calling the claim "frivolous"); *Kehmeier v. United States*, No. 2:13-cv-02257-SRB (D. Ariz. Mar. 13, 2014) (granting motion to dismiss Kehmeier's claims and sanctioning him for bad faith); *Kehmeier v. United States*, No. 2:16-cv-03318-BSB (D. Ariz. June 1, 2017) (granting the

Internal Revenue Service's motion to dismiss for lack of jurisdiction); *Kehmeier v. United States*, No. 2:24-cv-3211-SHD (D. Ariz. Sept. 24, 2025) (dismissing Kehmeier's claims about the constitutionality of the Sixteenth and Fifth Amendments without leave to amend). Though tenacious, Kehmeier is not very original because he has again filed the same claim against the same Defendant.

Much like the other cases, Kehmeier protests the Government's ability to collect revenue taxes against his income. (Doc. 1 at 1). He says that he filed a claim for a refund of his 2023 assessed income taxes at least six months before this lawsuit, thereby exhausting his administrative remedies. (*Id.* at ¶¶ 6 & 11). Kehmeier cites a host of Internal Revenue Service ("IRS") codes,[1] but the main axle of his grievance is that the Government operated on an "erroneous assumption that the 16th Article of Amendment to the United States Constitution authorized a non-apportioned direct income tax on United States citizens." (*Id.* at ¶ 11). In other words, Kehmeier does not believe that the Sixteenth Amendment of the United States Constitution, or any part of the United States Constitution, allows the Government to levy or collect a federal income tax. (*Id.* at ¶¶ 13–15). To that end, he argues that the Ninth Circuit has erroneously interpreted the Sixteenth Amendment. (*Id.* at ¶ 23–25). He also argues that his Fifth Amendment liberty interests are being violated. (*Id.* at ¶ 23). For the reasons below, the Court finds that the Government's Motion to Dismiss should be granted and Kehmeier's claims dismissed with prejudice.

## II. Motion to Amend

Kehmeier filed a Motion for Leave to file his First Amended Complaint on July 31, 2026, with the Government's Motion to Dismiss still pending. (Doc. 17). The Government's Response in opposition to the Motion argues that Kehmeiers' Motion is made in bad faith because this is one of several lawsuits he has filed about this same

[1] The parts of the IRS Code that Kehmeier cites relate to administrative exhaustion and procedures to follow for an IRS refund. *See* 26 U.S.C. § 7422(a); 26 C.F.R. §§ 301.6402-2(a)(1); 26 C.F.R. 301.6402-3(a)(2); 26 U.S.C. § 6511(a); and 26 C.F.R. § 301.7502-1(a). The following one relates to the burden of proof once suit is filed: 26 U.S.C. § 7491.

claim. (Doc. 18 at 3). The Government also argues that they will be prejudiced by having to file another Motion to Dismiss when Kehmeier's proposed amended complaint does not allege a new legal theory or any new facts. (*Id.* at 5). Finally, the Government argues that the amendment would be futile because Kehmeier has not alleged a cognizable legal claim. (*Id.*) The Court agrees.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis,* 371 U.S. 178, 182 (1962)). In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990) (internal quotation marks omitted).

The Court finds that Kehmeier's Motion for Leave to Amend his Complaint should be denied because it is made in bad faith, will prejudice the Government, and is futile. Here, the FAC does not inject any new legal theories or new claims. In fact, Kehmeier only strikes mention of portions of the IRS code and cements his reliance on Supreme Court precedent. (Doc. 17 at 1–15). Ultimately, this means that Kehmeier's theory of the case is the same as it was when he filed his Original Complaint: that the Ninth Circuit's interpretation of the Sixteenth Amendment is in direct contravention of prevailing Supreme Court precedent and the Fifth Amendment. Notably, Kehmeier made these same arguments in another case in this very District. (*See Kehmeier v. United States*, No. 2:24-cv-3211-SHD (D. Ariz. Sept. 24, 2025) (dismissing Kehmeier's claims about the constitutionality of the Sixteenth and Fifth Amendments without leave to amend; *see also Weaver v. California Corr. Inst. First Watch*, 2006 WL 3050845, at *2

(E.D. Cal. Oct. 24, 2006) (stating that filing similar claims multiple times is indicative of bad faith)). Moreover, the Government will be prejudiced by having to file an identical motion to dismiss to address claims that it already fully addressed in its pending motion to dismiss. This is especially true given that this is technically Kehmeier's attempt in bringing this exact claim before this Court and this same Defendant. *See Kehmeier v. United States*, No. 2:24-cv-3211-SHD (D. Ariz. Sept. 24, 2025) (dismissing Kehmeier's claims about the constitutionality of the Sixteenth and Fifth Amendments without leave to amend). Finally, the Court finds that amendment would be futile given that Kehmeier is not adding any legal theories or facts to his Complaint. *Hardin v. Wells Fargo NA*, 2023 WL 12155006, at *13 (D. Ariz. May 30, 2023). Therefore, the Court will deny Kehemier's Motion for Leave to Amend his Complaint.

## III. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that

the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**A. Sixteenth Amendment**

In his Complaint, Kehmeier argues that the Ninth Circuit's decision in *In re Becraft* is incompatible with the Supreme Court's decision in *Brushaber v. Union Pacific Railroad*. (Doc. 1 at 15); *see In re Becraft*, 885 F.2d 547, 548–49 (9th Cir. 1989); *see also Brushaber v. Union Pac. R. Co.*, 240 U.S. 1, 18 (1916). Kehmeier's main grievance is that the Sixteenth Amendment simply does not give the Government the ability to levy a non-apportionment direct tax on his income. The Government's Motion to Dismiss argues that it is well-settled law that the Government can extract a tax from not just Kehmeier but any citizen's income. (Doc. 11 at 6).

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration. U.S. Const. Amend. XVI. By its very terms and plain text, the Sixteenth Amendment gives Congress the power to impose an apportioned direct tax. *Id.* The result is the same when examined from the lens of precedent. *Stumpf v. Comm'r*, 865 F.2d 1271 (9th Cir. 1989). The Ninth Circuit has very clearly stated that "income may be taxed without apportionment." *Wilcox v. Comm'r*, 848 F.2d 1007, 1008 (9th Cir. 1988).

The Court finds that Kehmeier's argument that the Ninth Circuit's rulings contradict Supreme Court precedent is baseless. First things first, the Ninth Circuit's holding in the case *In re Becraft* is not incompatible with the Supreme Court's decision in *Brushaber*. One of the clarifying points of *Brushaber* was that differences in the income of individuals furnishes an adequate basis for differences in taxation rates. *Brushaber v. Union Pacific R. Co.*, 240 U.S. 1, 25 (1917); *see also Louis K. Liggett Co. v. Lee*, 288

U.S. 517, 572, (1933) (reiterating this understanding). The Ninth Circuit emphasized and repeated this same holding in *In Re Becraft* in this way: “For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.” *In re Becraft*, 885 F.2d 547, 548 (9th Cir. 1989). Secondly, and perhaps most importantly, this Court does not sit in a position to review decisions made by the Ninth Circuit. A very specific type of doctrine prevents this result called the law of the case doctrine. *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007). The law of the case doctrine mandates that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings. *Id.* Because the Ninth Circuit has decreed, following Supreme Court precedent, that the Sixteenth Amendment allows a non-apportioned tax on individual income, the Court has no basis to decide otherwise. Therefore, the Government’s Motion to Dismiss is granted on Kehmeier’s Sixteenth Amendment claim.

**B. Fifth Amendment**

The Court finds, similar to another Court in this District to examine this exact claim, that Kehmeier’s Fifth Amendment claim is also meritless**.** Kehmeier argues that the federal income tax is violative of his Fifth Amendment rights. (Doc. 1 at ¶ 23). Specifically, he says that the tax strikes at “the right of liberty to resort to the source whence an income is derived . . . .” (*Id.*) The Government counters that the ability to tax an individual’s income has been plainly granted to the Government by the Sixteenth Amendment and that the Sixteenth and Fifth Amendments do not contradict each other. (Doc. 11 at 7). Going further, the Government also argues that other parts of the Constitution, like Article I section 8, provide the Government with exhaustive powers to tax. (*Id.* at 8). The Court agrees that the legal principle that the federal income tax does not violate the Fifth Amendment is well-entrenched and established law. *Kehmeier v. United States*, 2025 WL 2719939, at *4 (D. Ariz. Sept. 24, 2025) (collecting cases saying

as much). For that reason, the Court will also deny Kehmeier's Fifth Amendment claim.

**IV. Leave to Amend**

As a final point, the Court will not allow Kehmeier leave to amend his Complaint. Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988). Here, however, the Court finds that the deficiencies cannot be cured by amendment because Kehmeier's arguments are foreclosed by well-established law on the Government's ability to collect a federal income tax. Amendment of the Complaint would be futile because there are no cognizable legal theories that can be pled to show that the Government cannot collect federal income tax. *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). Additionally, Kehmeier's Complaint echoes sovereign citizen rhetoric, something that the courts resoundingly reject. "The most common Sovereign Citizen interpretations of the U.S. Constitution are attempts to challenge the United States' jurisdiction to either punish or tax it citizens." *Hale v. Rettig*, 2021 WL 5894068, at *2 (D. Nev. Nov. 12, 2021) (internal citations and quotations omitted); *see also United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (characterizing sovereign citizen arguments seeking to avoid taxation as "silly" and "frivolous"). Based on the above, the Court finds that Kehmeier should not be allowed leave to amend his FAC.

Accordingly,

**IT IS ORDERED** that Kehmeier's Motion for Leave to Amend Complaint (Doc. 17) is **denied.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (Doc. 11) is **granted.** Kehmeier's FAC is **dismissed with prejudice.** The Clerk is directed to enter judgment accordingly and close this matter.

Dated this 26th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge